UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:02CV01488 ERW |
| MALLINCKRODT, INC., SHELL OIL CO., and SOLUTIA, INC. | ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiff USA's Motion to Renew its Request for Review Limited to the Administrative Record [doc. #594]. A hearing was held on May 18, 2006, and the Court heard arguments from the parties on the motion.

**I.   BACKGROUND FACTS**

On September 23, 2004, Plaintiff United States of America ("Plaintiff") filed a motion requesting that the Court enter an order declaring that any review of the Environmental Protection Agency's ("EPA") selection of response actions at the Great Lakes Container Superfund Site ("Site") be based only on the administrative record and that such review be limited to determining whether the response actions chosen were arbitrary and capricious or otherwise not in accordance with law. In a November 15, 2004 Order ("Remand Order"), the Court found that EPA had failed to make the administrative record publicly available contemporaneously with its removal decision, and the Court remanded the administrative record to EPA for supplementation. Specifically, the Court ordered EPA to "supplement the administrative record in such a way as to correct the current deficiency in

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the record created by EPA's failure to make the administrative record publicly available contemporaneously with its decision to remove the drums and soils that began in 1997 and the resulting inability of the public to rely upon that administrative record in making meaningful comments." Remand Order at 6. At that time, the Court denied Plaintiff's Motion for Record Review and to Limit Discovery Pursuant to Section 113(j) of CERCLA [doc. #472], but granted Plaintiff leave to bring the motion again, if necessary, after the supplementation process was complete. *Id.* at 7. On January 17, 2006, Plaintiff informed the Court that EPA had completed its supplementation of the administrative record. Plaintiff reports that EPA completed this process by publishing a notice seeking comments on the Site's administrative record on January 3, 2005. The comment period was set for thirty days and was then extended to March 4, 2005. Plaintiff states that EPA received comments from Defendant Mallinckrodt, Inc. ("Mallinckrodt") and Defendant Solutia, Inc. ("Solutia") (collectively, "Defendants"), but that it did not receive comments from any other entity or person. All comments and documents submitted by Mallinckrodt and Solutia, along with EPA's substantive responses to those comments, are now included in the Site's administrative record. At this time, Plaintiff renews its motion to limit this Court's review to the administrative record.

**II. DISCUSSION**

By renewal of its motion to limit review to the administrative record, Plaintiff seeks entry of an order declaring that judicial review of EPA's selection of response actions at the Site be limited to the administrative record. In support of its motion, Plaintiff argues that both the CERCLA statute and Eighth Circuit law dictate that this Court's review of EPA's selection of response actions be limited to the administrative record. In opposing the motion, Defendants contend that EPA did not

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

comply with the Court's Remand Order and that the Court should not limit its review to the administrative record because Defendants did not have a meaningful opportunity to be heard with regard to the administrative record. In addition, Solutia argues that: (1) a ruling regarding the standard of review in this matter is both unnecessary and premature at this stage; (2) restricting discovery jeopardizes Defendants' ability to defend themselves; and (3) CERCLA § 113(j)(1) explicitly permits a court to consider materials outside the administrative record.

A. EPA's Compliance with the Court's Remand Order

In its Remand Order, the Court found that EPA had failed to make the administrative record publicly available contemporaneously with its removal decision, and the Court remanded the administrative record to EPA for supplementation. *See Newton County Wildlife Ass'n v. Rogers*, 141 F.3d 803, 807 (8th Cir. 1998) ("If the agency record is for some reason inadequate, the proper course, except in rare circumstances, is to remand to the agency for additional investigation."). The Court stated that the administrative record as it existed on November 15, 2004 was incomplete due to the fact that it did not include any comments from Defendants because they had not received proper notice of the availability of the administrative record. *See* Remand Order at 5. Thus, the administrative record, as it then existed, was incomplete because it did not contain comments from interested parties such as Mallinckrodt and Solutia. According to Plaintiff, this deficiency has now been remedied and the administrative record forms an adequate basis for judicial review. Plaintiff argues that no further supplementation of the record by any party is warranted. According to Defendants, however, the deficiency in the record previously identified by the Court has not been remedied, there is not an adequate basis for judicial review limited to the administrative record, and further supplementation of the record is warranted. Defendants conclude that, because EPA failed

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

to comply with the Court's Remand Order, the problem that caused the Court to issue its Order remains unresolved: namely, Defendants have been denied the opportunity to make meaningful comments to EPA regarding the administrative record; therefore, any order that the Court's review will be limited to the administrative record would violate Defendants' due process rights.

Defendants make two specific arguments in support of their contention that EPA did not comply with the Court's Remand Order. First, Defendants argue that, to comply with the Remand Order, EPA should have accepted public comments and then responded to those comments "as if they had been submitted prior to the selection of a response action at the Site," ignoring all post-1997 regulations, case law, information, and documents. Mallinckrodt Mem. in Opp. at 3. According to Defendants, it is obvious that EPA did not do this because EPA's response to Defendants' comments contains numerous case citations, documents, and other materials dated after 1997.[1] Upon review of EPA's response to Defendants' comments, the Court is satisfied that EPA's inclusion of post-1997 materials is not an indication that EPA failed to comply with the Court's Remand Order. Notably, in submitting their comments to EPA, Defendants spent numerous pages making arguments related to the current litigation, which, of course, has taken place after 1997. Thus, Defendants themselves did not limit their comments to only those that they would have made in 1997, yet they appear to expect EPA, in responding to those comments, to have refrained from responding to Defendants' post-1997 arguments. Further, many of the post-1997 materials are citations to caselaw, regulations, and guidance documents standing for propositions that were in effect in 1997. Finally, when the Court reviews the administrative record in this case, it will undoubtedly be aware of the unique factual circumstances of this case and can exclude from consideration any improper post-hoc rationalizations.

---

[1]Defendants point to 29 such instances. *See* Mallinckrodt Mem. in Opp., Ex. 3.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In sum, the Court is unpersuaded by Defendants' first argument and finds that Defendants have failed to demonstrate that EPA's response indicates a failure to comply with the Remand Order.

Next, Defendants argue that it is fundamentally unfair to rely on the administrative record as it now exists because, in its response to their comments, EPA changed its position with regard to whether it conducted one or two removal actions at the Site. Defendants state that, earlier in this litigation, Plaintiff took the position that there was only one removal action, but, in its response to Defendants' comments, EPA states that there were two separate removal actions at the Site. According to Defendants, this is evidence that Plaintiff is manipulating the administrative record in an attempt to protect its substantial monetary claims in this litigation. While the issue of whether EPA conducted one removal or two is certainly a relevant issue in this litigation, the fact that EPA's response to Defendants' comments contains a sentence indicating a "two-removal" position instead of Plaintiff's prior "one-removal" position in this litigation does not mean that EPA has failed to comply with this Court's Remand Order. Further, a review of the entire document, along with counsel's explanation at the hearing on this matter, satisfies the Court that EPA has not manipulated the administrative record. The administrative record itself, and not a single statement from EPA contained therein, will be the basis from which a determination can be made regarding the number of removals at the Site. Thus, it is not fundamentally unfair to rely upon the supplemented administrative record in this case.

The Court notes that Defendants do not argue that the supplemental notice and comment period itself was inadequate or that EPA improperly restricted them from making the comments they wished to make. Importantly, questions regarding whether EPA adequately and properly considered the comments received during the supplemental notice and comment period and whether its remedy

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

selection was arbitrary and capricious in light of the entire record are questions that the Court will consider during its review of this matter. Upon remand, EPA provided an opportunity to the public to comment on the administrative record, supplemented the administrative record with the documents it received, and responded to those comments, all in accordance with its statutorily prescribed duties. All comments and documents submitted by Defendants were included in the Site's administrative record,[2] and EPA prepared substantive responses and added them to the administrative record. The deficiency in the record originally identified by the Court was that the administrative record was incomplete due to EPA's failure to provide proper notice, resulting in a record devoid of comments from Defendants. At this time, the administrative record includes, *inter alia*, the information that would have been submitted by Defendants at the time the removal decision was made had they been given proper notice of their opportunity to comment. Based on the now complete record, the Court can determine whether the actions taken by EPA were arbitrary, capricious, or otherwise not in accordance with the law. Thus, the Court finds that EPA did comply with the Remand Order and that EPA may now renew its request for an order declaring that the Court's review in this matter be limited to the administrative record.

B. <u>Applicable Law</u>

Section 113(j) of CERCLA states:

(1) Limitation
In any judicial action under this chapter, judicial review of any issues concerning the adequacy of any response action taken or ordered by the President shall be limited to the administrative record. Otherwise applicable principles of administrative law shall

---

[2]Typically, documents accompanying comments may or may not be included in the administrative record, depending on whether the documents may "form a basis for the selection of the response action." 40 C.F.R. § 300.810(b). In this case, all comments and all documents submitted by Defendants were included in the administrative record.

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

govern whether any supplemental materials may be considered by the court.

(2) Standard
In considering objections raised in any judicial action under this chapter, the court shall uphold the President's decision in selecting the response action unless the objecting party can demonstrate, on the administrative record, that the decision was arbitrary and capricious or otherwise not in accordance with law.

(3) Remedy
If the court finds that the selection of the response action was arbitrary and capricious or otherwise not in accordance with law, the court shall award (A) only the response costs or damages that are not inconsistent with the national contingency plan, and (B) such other relief as is consistent with the National Contingency Plan.

(4) Procedural errors
In reviewing alleged procedural errors, the court may disallow costs or damages only if the errors were so serious and related to matters of such central relevance to the action that the action would have been significantly changed had such errors not been made.

42 U.S.C. § 9613(j). Congress intended to "establish[] that judicial review of the response action is limited to the administrative record." H.R. Rep. No. 99-253, pt. 1, at 81 (1985), *reprinted in* 1986 U.S.C.C.A.N. 2835, 2863. According to Congress, "[r]eliance on an administrative record helps assure that the basis for the response decision is clearly articulated and open to scrutiny by the public and responsible parties . . . [and] encourages full responsible party and public participation in development of the record before the remedy is selected." *Id.* A further rationale for the provision is that "limiting judicial review of response actions to the administrative record expedites the process of review, avoids the need for time-consuming and burdensome discovery, reduces litigation costs, and ensures that the reviewing court's attention is focused on the . . . criteria used in selecting the response." *Id.* Thus, judicial review of any response action taken by EPA is generally limited to the administrative record.

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Importantly, CERCLA also provides that a court may consider supplementary materials under certain circumstances. 42 U.S.C. § 9613(j)(1). "[C]ertain exceptions have been carved from the general rule limiting APA review to the administrative record." *Voyageurs Nat. Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004). "These exceptions apply only under extraordinary circumstances, and are not to be casually invoked unless the party seeking to depart from the record can make a strong showing that the specific extra-record material falls within one of the limited exceptions." *Id.* Indeed, "the exception allowing extra-record evidence to explain the administrative record and agency decision is very narrow. Inquiry into the mental processes of administrative decision[-]makers is to be avoided unless it is the only way there can be effective judicial review." *Id.* (internal quotation omitted). In the Eighth Circuit, "[w]hen there is a contemporaneous administrative record and no need for additional explanation of the agency decision, there must be a strong showing of bad faith or improper behavior before the reviewing court may permit discovery and evidentiary supplementation of the administrative record." *Id.* (internal quotations omitted). In fact, except in rare circumstances, the proper remedy for correcting an inadequate administrative record is to remand the record to the agency for supplementation. *See Newton County*, 141 F.3d at 807 ("If the agency record is for some reason inadequate, the proper course, except in rare circumstances, is to remand to the agency for additional investigation."); *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (if record does not support agency action, agency has not considered all relevant factors, or reviewing court cannot evaluate challenged action on basis of record before it, proper course is to remand to agency for additional investigation or explanation; reviewing court generally not empowered to conduct *de novo* inquiry into the matter). After this

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

step, if "an inadequate evidentiary development before the agency can be shown and supplemental information submitted by the agency does not provide an adequate basis for judicial review," a court may consider the administrative record supplemented, "if necessary, by affidavits, depositions, or other proof of an explanatory nature." *Ind. Meat Packers Ass'n v. Butz*, 526 F.2d 228, 239 (8th Cir. 1975).

        C.      <u>Applicability of Any Exception to Record Review</u>

Plaintiff contends that the general rule applies in this case and that no exceptions warranting the consideration of supplementary materials are applicable. While Defendants acknowledge that the general rule ordinarily would dictate that this Court's review be limited to the administrative record, they argue that record review is not the proper course in this case. Thus, the Court must consider whether the circumstances of this case warrant a deviation from the general rule of record review. The Court's review in this case is limited to the administrative record unless Defendants can demonstrate that supplementation of the record is warranted because an exception to record review applies. After considering the arguments made in the briefs and during the hearing on this matter, the Court concludes that Defendants have failed to demonstrate that any of the recognized exceptions to record review apply. Specifically, Defendants have failed to show that the administrative record inadequately explains the response actions taken, that technical issues require further explanation, or that EPA acted in bad faith in undertaking the response action. Instead, Defendants advocate that record review in this case should be abandoned because EPA did not comply with the NCP in publishing notice of the availability of the administrative record in this case. Defendant cite to no case, and this Court has found none, suggesting that an exception to record review exists where there

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

is an inconsistency with the NCP or insufficient public notice.[3] As Plaintiff correctly points out, consistency with the NCP is a relevant issue in this litigation, but it is not an issue that determines whether record review will apply in this case.[4] Thus, inconsistency with the NCP is not a basis for denying record review here.

### D. Solutia's Additional Arguments

Solutia's three additional arguments do not demonstrate that the Court's review in this case should go beyond the administrative record. First, with regard to Solutia's argument that a ruling regarding the appropriate scope of review in this case is unnecessary and premature, the Court notes that the issue of the scope of review has been the subject of much dispute by the parties and is ripe at this time. A ruling on this issue will assist the parties as they engage in the discovery process and will permit discovery to proceed in an orderly manner. Second, concerning Solutia's argument that the Court can properly consider outside evidence which merely explains that administrative record, the Court has already stated that, at this time, there has been no showing that the administrative record is in need of any explanation or further supplementation. Finally, with regard to Solutia's argument that restricting discovery jeopardizes Defendants' ability to defend this suit, the Court finds

---

[3]In fact, it appears that just the opposite is true. *See, e.g., Minnesota v. Kalman W. Abrams Metals, Inc.*, 155 F.3d 1019, 1024-25 (8th Cir. 1998) (state, *inter alia*, did not comply with notice requirements of NCP; finding this failure was inconsistent with NCP; defendants therefore entitled to prove this inconsistency caused state to incur unreasonable or unnecessary response costs; no indication that court employed any standard other than record review; state still permitted to collect costs not inconsistent with the NCP) (case distinguishable because it involved a state-led, rather than an EPA-led, action, but nonetheless instructive).

[4]If EPA's actions are found to be arbitrary, capricious, or otherwise not in accordance with the law, the potential remedy is to disallow recovery of certain costs. 42 U.S.C. § 9613(j)(3).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

that Solutia has failed to demonstrate that a ruling regarding the scope of the Court's review will prevent Solutia from obtaining information relevant to liability, divisibility, and allocation issues. There has been no persuasive demonstration that Defendants' efforts to defend this lawsuit will be improperly hampered if Plaintiff's motion is granted.[5]

## III. CONCLUSION

Section 113(j) of CERCLA mandates that this Court's review of EPA's response action at the Site be limited to the administrative record. That section also provides that the Court may consider supplemental materials when it would otherwise be permitted to do so pursuant to applicable principles of administrative law. At this time, Defendants have not demonstrated that the Court should deviate from the general rule of record review.[6] Thus, the Court will grant Plaintiff's Motion to limit review to the administrative record. If, at a later time, the Court determines that it needs further explanation regarding any matter contained in the administrative record, it can request

---

[5]Indeed, Plaintiff agrees that Defendants are entitled to discovery as to certain issues and there is no indication at this time that Plaintiff intends to be uncooperative in those efforts.

[6]At various times in their briefs and at the hearing on this matter, Defendants have contended that EPA's failure to comply with the NCP's notice provision constitutes a denial of due process. First, Defendants have not raised this issue by way of their own properly filed motion. Instead, they make their due process allegations only in response to Plaintiff's motion. Second, even assuming Defendants' due process rights were violated, Defendants have cited no relevant authority, and this Court has found none, in support of the suggestion that an alleged due process violation establishes an exception to the general requirement that this Court's review of EPA's response action be limited to the administrative record. While there might well be due process arguments to be raised and remedies to be explored, there is no authority to suggest that the remedy is to deny record review.

In their Oppositions, Defendants suggest that "there are ways in which this litigation can proceed against Mallinckrodt [and Solutia] without injury to [their] due process rights." Mallinckrodt Mem. in Opp. at 13. Defendants provide a list of suggestions, including dismissal of the suit and the capping of damages. Because Defendants have not presented the Court with any motion as to these issues, the Court will not address these suggestions at this time.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

assistance on the particular issues with which assistance is required.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff USA's Motion to Renew its Request for Review Limited to the Administrative Record [doc. #594] is **GRANTED**.

Dated this 15th day of June, 2006.

*[signature: E. Richard Webber]*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com