UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MALLINCKRODT, INC., SHELL OIL CO. and SOLUTIA, INC.<br><br>Defendant. | ) | Case No. 4:02CV01488 ERW |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Third-Party Plaintiff Mallinckrodt's ("Mallinckrodt") Joint Motion to Dismiss Claims against certain Third-Party Defendants[1] pursuant to Settlement Agreements [doc. #614-622] and Plaintiff United States of America's ("United States") Unopposed Motion to enter Consent Decree [doc. #627]. A hearing was held on October 12, 2006, and the Court heard arguments from the United States and Mallinckrodt on the motions. After considering the arguments made by the parties, both in their papers and at the hearing, the Court will enter the following order.

## I. BACKGROUND FACTS

This dispute revolves around removal actions taken by the Environmental Protection Agency ("EPA") at the Great Lakes Container Corporation Site ("the Site"), an eleven acre piece

[1]The eleven Third-Party Defendants who entered into the Settlement Agreement with Mallinckrodt are: Bayer CropScience, Inc., Stauffer Management Company LLC, CNA Holdings, Inc., Ethyl Corporation, Ethyl Petroleum Additives, Inc., Georgia-Pacific Corporation, Kellwood Company, Mead Westvaco Corporation, Sunoco, Inc., United Oil Company, Inc., and Urethane Roller Specialist, Inc.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of property located in an industrial area approximately three miles from downtown St. Louis. The United States initially brought this action against Mallinckrodt, Solutia, and Shell Oil Company for the recovery of response costs incurred by the United States in responding to releases and threatened releases of hazardous substances into the environment at and from the Site. The United States' claim is based on the Comprehensive Environmental Response, Compensation, Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675 (2005), as amended by the Superfund Amendments and Reauthorization Act of 1986, P.L. 99-499, § 101 et seq., 100 Stat. 1613 ("SARA"). Mallinckrodt then filed a Joint Counterclaim and Third Party Complaint against Third-Party Defendants for contribution with respect to any costs, damages, or other monetary relief adjudged against Mallinckrodt or Solutia for liability to the United States. Mallinckrodt and the eleven Third-Party Defendants have now agreed to the terms of the pending Settlement Agreement.

In its Memorandum accompanying the instant motion, Mallinckrodt states that the Settlement Agreement should be approved because it is procedurally and substantively fair, reasonable, and consistent with CERCLA. Mallinckrodt contends that the Settlement Agreement is the product of arms-length negotiations. Mallinckrodt further states that each party was represented by counsel who are experienced and knowlegeable with regard to the provisions of CERCLA, the Site, the anticipated costs of remediating the Site, the facts relating to Third-Party Defendants and other parties to the litigation, and the methods of allocating the costs of remediating Superfund sites among liable potentially responsible parties (PRPs).



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## II. DISCUSSION

### A. Settlement Agreement Between Mallinckrodt and Third-Party Defendants

In their Joint Motion, Mallinckrodt and eleven Third-Party Defendants ask this Court to enter an order: (1) approving the Settlement Agreement; (2) dismissing with prejudice, against Third-Party Defendants, all of Mallinckrodt's claims as defined in the Settlement Agreement; (3) granting contribution protection to Third-Party Defendants, barring non-settling defendants and any other person from asserting against Third-Party Defendants any contribution claims arising out of or in any way relating to the subject matter of the Claims as defined in the Settlement Agreement[2], and dismissing with prejudice against Third-Party Defendants all such contribution claims that have been made or could have been made against Third-Party Defendants; and (4) adopting the *pro tanto* method of accounting for settlement proceeds, reducing the liability of the non-settling parties by the total amount of money paid in the Settlement Agreement.

The United States opposes the Motion, to the extent that Mallinckrodt attempts to confer contribution protection to Third-Party Defendants through settlement. The United States argues that CERCLA §113(f)(2) extends contribution protection only to parties who resolve their

---

[2] The proposed Settlement Agreement states, '"Claims" shall mean any and all claims, actions, causes of action, suits, demands, losses, costs, liabilities, damages, and expenses, including but not limited to attorneys' fees (other than "Excluded Claims" as defined herein), asserted or by Court Order deemed asserted, by any Party against [Third-Party Defendant] in the Lawsuit, or that could have been or could in the future be asserted against [Third-Party Defendant] by any Person (whether or not a Party to the lawsuit), in relation to the Site, including but not limited to: (1) Third-Party Claims asserted or that could have been asserted by Mallinckrodt and Solutia, Inc.; and (2) claims for contribution or indemnity, or any other claims, by other parties to the Lawsuit and/or by Persons not party to the Lawsuit against [Third-Party Defendant] relating in any way to any past or future removal or response actions or costs at or relating to the Site.'



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

liability to the United States or a State, and not in the context of private party settlement.

In response, Mallinckrodt concedes that §113(f)(2) applies only to settlements involving the United States or a State. However, Mallinckrodt argues that CERCLA § 113(f)(1) and federal common law provides the statutory authority to extend contribution protection to private parties who enter into settlement agreements. Mallinckrodt further contends that, under CERCLA §107(a), the United States has the option of bringing a cost recovery action against any of the settling Third-Party Defendants.[3]

**1. Contribution Protection in Private Party CERCLA Settlements**

Since the settlement agreement at issue in this case involved neither the United States nor the State of Missouri, the Court must determine whether the statutory protection from contribution claims, as described in section 113(f)(2), covers settlements involving private parties. For the reasons that follow, the Court finds CERCLA permits contribution protection for private party settlements.

In enacting CERCLA, Congress' statutory plan was to provide a rapid cleanup response to improperly managed waste sites that threaten public health, and to induce voluntary cleanups at those sites. To that end, the 1986 amendments to CERCLA expressly provide that parties who settle with the United States or any state are free from claims for contribution.[4] In *United States*

---

[3] At the hearing on the Motion, the Third-Party Defendants informed the Court that they adopted Mallinckrodt's position with regard to the Settlement Agreement and contribution protection claim.

[4] Title 42 U.S.C. § 9613(f)(2) entitled "Settlement," states: A person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement. Such settlement does not discharge any of the other potentially liable persons unless its terms so



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*v. Cannons Eng'g Corp.*, 899 F.2d 91-92 (1st Cir. 1990), the First Circuit discussed the public policy considerations embodied in the CERCLA contribution protection provision:

> Congress specifically provided that contribution actions could not be maintained against parties who settle with the United States or any State. *See* 42 U.S.C.S. §9613(f)(2) (1987). This provision was designed to encourage settlements and provide PRPs a measure of finality in return for their willingness to settle. H.R. Rep. No. 99-523, Part I, 90th Cong., 1st Sess. 80 (1985), *reprinted in* 1986 U.S. Code Cong. & Admin. News 2835, 2862. Congress plainly intended non-settlors to have no contribution rights against settlors regarding matters addressed in settlement.

*Id.*; *see also Dravo Corp v. Zuber*, 13 F.3d 1222,1227 (8th Cir. 1994) (the "Settlement" provision's objective, "is to allow expedient and efficient settlements of potential liability.")

However, the text of CERCLA is silent regarding the right of contribution protection for private party settlements. Nevertheless, in order to facilitate settlement in environmental clean-up cases, a number of federal courts have interpreted CERCLA's language to include private parties and determined that non-settling defendants are barred from making any existing or future cross-claims for contribution against settling private parties. *See United States v. SCA Servs.*, 827 F. Supp. 526, 532 (N.D. Ind. 1993) (in granting contribution protection to settling third-party defendants, the court emphasized CERCLA's policy of favoring settlement, allocating resources to cleaning up hazardous waste sites and avoiding the enormous expense associated with environmental litigation); *City of New York v. Exxon Corp.*, 687 F. Supp. 677, 685 (S.D.N.Y. 1988) (noting that barring claims for contribution in private settlements "would certainly advance [CERCLA's] remedial purposes by encouraging early and complete settlements.''); *Allied Corp. v. Acme Solven Reclaiming, Inc.*, 771 F. Supp 219, 223 (N.D. Ill. 1990) (a strong federal interest

---

provide, but it reduces the potential liability of the others by the amount of the settlement.



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

in promoting settlement warrants granting contribution protection in cases of private party settlement); *Lyncott Corp. v. Chemical Waste Management, Inc.*, 690 F. Supp. 1409, 1418-1419 (E.D. Pa. 1988) (similar).

In addition to these policy considerations, CERCLA also grants to courts broad powers to allocate clean-up costs using such equitable factors as the court determines are appropriate. ***See*** 42 U.S.C.S. §9613(f)(1).[5]

Because the United States acknowledged that it did not anticipate seeking contribution against other parties not already subject to this litigation, this Court will adopt the rulings of other federal courts that have granted contribution protection to private parties who have entered into CERCLA settlement agreements. In the absence of any CERCLA provision expressly addressing whether contribution protection applies to private party settlements[6], the Court must construe the statute "liberally to avoid frustration of the beneficial legislative purposes." *Dedham v. Co. v. Cumberland Farms Dairy*, 805 F.2d 1074, 1081 (1st Cir. 1986) ("CERCLA is essentially a remedial statute designed by Congress to protect and preserve public health and the environment. We are therefore obligated to construe its provisions liberally to avoid frustration of the beneficial

---

[5] Title 42 U.S.C. § 9613(f)(1) entitled "Contribution," states: Any person may seek contribution from any other person who is liable or potentially liable under [§ 107(a)], during or following any civil action under [§§ 106 or 107(a)]. Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate. Nothing in the subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under [§§ 106 or 107].

[6] The text of CERCLA § 113(f)(2) mandates contribution protection for parties who settle with the government. However, that provision's explicit language does not evidence Congress' intention as to whether contribution protection is precluded in cases of private party settlement.



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

legislative purposes.”). The Court believes that it would be contrary to CERCLA’s objective of encouraging settlement not to grant private parties the same protection from suits for contribution that the United States or a State enjoys. As stated by the district court in *Allied Corp,* “[it] is hard to imagine that any defendant in a CERCLA action would be willing to settle if, after the settlement, it would remain open to contribution claims from other defendants.” 771 F. Supp. at 223.

In cases where the federal or state government is a party to a CERCLA settlement agreement, this Court must defer to Congress’ will and follow the directives of CERCLA §113(f)(2). However, where the federal or state government is not a party to a settlement agreement, the Court believes that it was Congress’ intent to give courts the discretion to determine whether the terms of a proposed settlement agreement furthers CERCLA’s goals. *See* CERCLA § 113(f)(1). The Court disagrees that, under CERCLA, contribution protection can exist only when the settlement is with the federal or state government. To interpret the statute as the United States argues would require the Court to conclude that Congress made a conscious choice not to provide private parties with a substantial incentive to enter into CERCLA settlement agreements. The Court declines to adopt that interpretation.

The United States further argues that the Court should not enforce the Settlement Agreement because the contribution protection provision does not further CERCLA’s goal of equitably apportioning the costs of the clean-up to those responsible for the contamination. The United States claims that if the Court grants contribution protection to private parties, then it will not be able to recover the costs incurred in performing the removal actions at the Site. The Court is not persuaded by this argument because, as Mallincrokdt points out, the United States still has



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the option of seeking a cost recovery action under CERCLA §107(a) against liable parties, including Third-Party Defendants subject to the Settlement Agreement. *See* CERCLA § 107(a)(4)(B); *see also Atl. Research Corp. v. United States*, 459 F.3d 827, 830 (8th Cir. 2006) ("when the federal or a state government conducts the cleanup [of hazardous waste sites], CERCLA permits the sovereign to recover its costs from whomever is liable for the contamination.").

Additionally, the Court does not perceive any risk that the United States will not be able to recover its costs against unknown potentially liable parties in the future. As mentioned earlier, during the hearing on Mallinckrodt's motion, the United States acknowledged that it did not anticipate asserting a cost recovery action against other parties not already subject to this litigation.

Accordingly, the Court will approve the provisions of the Settlement Agreement which grant the Third-Party Defendants contribution protection.

**2. Settlement Approval**

To approve a proposed CERCLA settlement agreement, a district court must ask whether the settlement is (1) procedurally and substantively fair; (2) reasonable; and (3) consistent with CERCLA. *United States v. Hercules, Inc.*, 961 F.2d 796, 800 (8th Cir. 1992). The underlying purpose of this examination is to determine whether the settlement adequately protects the public interest. *Id.*

This Court adopts the First Circuit's well-reasoned framework for entry of a CERCLA consent decree. The fairness in the CERCLA settlement context has both procedural and substantive components. The First Circuit directed that: "to measure procedural fairness, a court



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

should ordinarily look to the negotiation process and attempt to gauge its candor, openness and bargaining balance." *Cannons Eng'g Corp.*, 899 F.2d at 86. The court further elaborated on the substantive fairness prong:

> Substantive fairness introduces into the equation concepts of corrective justice and accountability: a party should bear the cost of the harm for which it is legally responsible. The logic behind these concepts dictates that settlement terms must be based upon, and roughly correlated with, some acceptable measure of comparative fault, apportioning liability among the settling parties according to rational (if necessarily imprecise) estimates of how much harm each PRP has done."

*Id*. at 87 (internal citations omitted). The reasonableness inquiry requires the Court to consider the technical adequacy of the remedies, the adequacy of the settling defendants' obligations to cover the response costs and the savings represented by settlement over litigation. *Id*. at 90. Finally, the Court is to discern whether the agreement is consistent with Congress' public policy goals in enacting the statute. *Id*. at 90-91.

Upon review of the terms of the agreement and consideration of the parties' arguments in their papers and at the hearing, the Court will approve the Settlement Agreement between Mallinckrodt and the Third-Party Defendants. The Court's familiarity with the dealings between the parties persuades the Court that the parties to the Settlement Agreement have negotiated with one another at arm's length and in good faith. The Court is equally satisfied that the settlement terms are roughly correlated with the Third-Party Defendants' respective liabilities. Thus, the Court finds that the Settlement Agreement meets the requisite procedural and substantive fairness elements.

As to the reasonableness prong, the Court believes that the Settlement Agreements' apportionment of costs is reasonable, and promotes the prospect of a comprehensive solution to



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

remedying the hazardous waste problems at the Site. Finally, the Court is persuaded that the public policy concerns underlying CERCLA have been addressed by the proposed settlements.

Accordingly, the Court finds the Settlement Agreement between Mallinckrodt and Third-Party Defendants to be fair, reasonable and faithful to the objectives of the governing statute.

**B. Consent Decree**

In its Motion, the United States asks this Court to amend, enter and sign the Consent Decree between the United States and Third-Party Defendants Jesco Resources, Inc ("Jesco"), Gardner Denver, Inc., ("Gardner") and the Defense Logistics Agency of the United States Department of Defense ("DLA"). The Consent Decree was formally lodged with this Court on June 18, 2004.

In accordance with the federal government's policy of notifying non-parties about proposed consent judgments in cases of this sort, notice of the agreement was published in the Federal Register on July 9, 2004. Interested persons were given the opportunity to file written comments upon the settlement and proposed judgment. Mallinckrodt and Solutia filed comments upon the proposed judgment, regarding the adequacy of payments under the terms of the Consent Decree. The United States responded to these comments, concluding that as to three of the five settling parties, Jesco, Gardner Denver and DLA, the Consent Decree is fair, reasonable, and in the public interest. With respect to two Third-Party Defendants, Croda Inks Corporation ("Croda") and Engineered Lubricants Co. ("El"), the United States determined that these two parties should pay a higher share of the costs than is reflected in the Consent Decree before the Court. The United States, therefore, excluded Croda and El from the list of settling third-party defendants. At the hearing on the Motion and in their papers, the parties voiced no further



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

objections to the proposed Consent Decree.

SARA authorized a variety of types of settlements which the government may utilize in CERCLA actions, including consent decrees providing for PRPs to contribute to cleanup costs or to undertake response activities themselves. *See* 42 U.S.C. §9622. The Court's review function is to satisfy itself that the proposed decree is "reasonable, fair and consistent with the purposes that CERCLA is intended to serve." *United States v. Metropolitan St. Louis Sewer Dist.*, 952 F.2d 1040, 1044 (8th Cir. 1992). In reviewing the terms of the pending Consent Decree, the Court will apply the legal standards governing entry of the Settlement Agreement, outlined earlier.

The Court believes that the government conducted negotiations forthrightly and in good faith and therefore the decree satisfies the requisite procedural and substantive integrity. Further, the Court finds the EPA's allocation methodology reasonable. Accordingly, the Court finds the Consent Decree to be fair, reasonable and faithful to the objectives of the governing statute and grants the United States' motion to amend, enter and sign the Consent Decree.



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Defendant Mallinckrodt's Joint Motion to Dismiss Claims against certain Third-Party Defendants pursuant to Settlement Agreements [doc. #614- #622] is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff United States of America's Motion to Enter Consent Decree [doc. #627] is GRANTED.

Dated this 15th day of November, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE



PDF created with FinePrint pdfFactory trial version www.pdffactory.com