UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:02CV01488 ERW |
| ) | |
| MALLINCKRODT, INC., SHELL OIL ) | |
| CO. and SOLUTIA, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Plaintiff's Motion to Approve Consent Judgment [doc. #640].

**I.   BACKGROUND**

The United States is seeking reimbursement from the potentially responsible parties (PRPs) for cleanup costs associated with the Great Lakes Container Corporation (GLCC) Superfund Site ("the Site") incurred by the Environmental Protection Agency (EPA). The United States has entered into settlement agreements with certain PRPs and requests that the Court enter two proposed Consent Decrees. First, the United States requests that the Court enter the Consent Decree with Croda Inks Corporation, Engineered Lubricants Co., Lafarge Road Marking, Inc. and Chem Central H.Q. Corporation, which was lodged with the Court on September 12, 2006.[1] Notice of the Consent Decree was published in the Federal Register on September 27, 2006. *See* 71 Fed. Reg. 56553-02. No public comments on the settlement were received.

---

[1] In the Consent Decree, each Settling Defendant has agreed to pay $45,713.12 in return for a release of further liability associated with cleanup at the Site.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Second, the United States requests that the Court enter the Consent Decree with the Estate of Irving Rubin, which was lodged with the Court on October 3, 2006.[2]  Notice of the Consent Decree was published in the Federal Register on October 18, 2006.  *See* 71 Fed. Reg. 61509.  No public comments on the settlement were received.

## II.  DISCUSSION

The Comprehensive Environmental Response, Compensation, Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675 (2005), as amended by the Superfund Amendments and Reauthorization Act of 1986, P.L. 99-499, § 101 et seq., 100 Stat. 1613 ("SARA"), authorized a variety of types of settlements which the government may utilize in CERCLA actions, including consent decrees providing for PRPs to contribute to cleanup costs or to undertake response activities themselves. *See* 42 U.S.C. § 9622.  The Court's review function is to satisfy itself that the proposed decree is "reasonable, fair and consistent with the purposes that CERCLA is intended to serve." *United States v. Metropolitan St. Louis Sewer Dist.*, 952 F.2d 1040, 1044 (8th Cir. 1992).  The term "fair" requires the Court to find both procedural fairness and substantive fairness. *See United States v. BP Amoco Oil, PLC,* 277 F.3d 1012, 1018 (8th Cir. 2002).

### 1. Procedural Fairness

"To measure procedural fairness, a court should ordinarily look to the negotiation process and attempt to gauge its candor, openness and bargaining balance." *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 86 (1st Cir. 1990).  The Court's familiarity with the dealings between the parties persuades the Court that the parties to the Consent Decrees have negotiated with one

---

[2] In the Consent Decree, the Estate of Irving Rubin has agreed to pay $300,000 in return for a release of further liability associated with cleanup at the Site.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

another at arm's length and in good faith. Thus, the Court finds that the settlement process involving the Consent Decrees was procedurally fair.

2. Substantive fairness

"Substantive fairness introduces into the equation concepts of corrective justice and accountability: a party should bear the cost of the harm for which it is legally responsible." *Cannons Eng'g Corp.*, 899 F.2d at 87. Consequently, "liability should be apportioned among settling PRPs according to rational (if necessarily imprecise) estimates of how much harm each PRP has done." *United States v. Union Electric*, 934 F. Supp. 324, 328 (E.D. Mo. 1996), *aff'd*, 132 F.3d 422 (8th Cir. 1997). It is reasonable that the amount of liability apportioned to a PRP may be reduced by considerations such as: "the assumption of uncertain future liability by a potentially responsible party ("PRP") and especially prompt and time-saving settlement." *United States v. Bliss*, 133 F.R.D. 559, 568 (E.D. Mo. 1990). An allocation formula used by the EPA in apportioning fault must be approved unless it is "arbitrary, capricious and devoid of a rational basis." *Union Electric*, 934 F. Supp at 328 (quoting *Cannons*, 899 F.2d at 87).

This Court has previously reviewed the EPA's allocation methodology used in the Consent Decrees at issue in this case and determined that "the allocation formula used by the EPA ... must be approved because it is not 'arbitrary, capricious and devoid of a rational basis.'" *See United States v. Metropolitan St. Louis Sewer District*, No. 4:03CV01625, at 6 (E.D. Mo. September 9, 2004).[3] Accordingly, the Court finds that the Consent Decrees meet the criterion of

---

[3] This Court noted that the EPA considered the "Gore factors" in apportioning fault among the PRPs. *See United States v. Hercules*, 247 F.3d 706, 718 (8th Cir. 2001). The factors include
> 1) distinguishable costs (based on specific wastes of specific waste types); 2) degree of involvement in management or operations at the facility; 3) degree of care (including

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

substantive fairness because both settlements fairly allocate liability among the parties.

### 3. Reasonableness

When determining whether a consent decree is reasonable, the court must consider the technical adequacy of the remedies, the adequacy of the settling defendants' obligations to cover the response costs and the savings represented by settlement over litigation. *Cannons*, 899 F.2d at 90; *see also United States v. Findett*, 75 F. Supp. 2d 995, 1001 (E.D. Mo. 1999) (reasonableness inquiry requires the court to assess "the extent to which the settlement satisfactorily compensates the public for actual and anticipated response costs"). The Court is satisfied that the public will be adequately compensated for the share of the cleanup costs at the GLCC Site for which the parties to the proposed Consent Decrees are responsible. Thus, the Court finds the Consent Decrees reasonable.

### 4. Consistency with the Purposes of CERCLA

The primary purposes of CERCLA are "accountability, the desirability of an unsullied environment, and promptness of response activities." *Union Electric*, 934 F.Supp. at 331 (quoting *Cannons*, 899 F.2d at 90). The Court is satisfied that the proposed Consent Decrees serve the goals of efficient and effective environmental cleanup and regulation. Thus, the Court finds that the Consent Decrees are consistent with the purposes of CERCLA.

## III. CONCLUSION

With respect to the two proposed Consent Decrees, the Court believes that the

---

measures taken by a party to prevent or minimize contamination); 4) fault (culpability and actual cause of the contamination); 5) degree of cooperation (degree to which a PRP cooperates or assists in cleanup efforts); 6) financial capability (whether the PRP is financially viable); 7)financial benefits derived from waste-producing activity; and 8) financial benefits derived from remediation.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

government conducted negotiations forthrightly and in good faith and therefore the decrees satisfy the requisite procedural and substantive integrity. Further, the Court finds the EPA's allocation methodology reasonable. Accordingly, the Court finds the Consent Decrees to be fair, reasonable and faithful to the objectives of the governing statute and will grant the United States' Motion to enter the Consent Decrees.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' Motion to Enter Consent Decrees [doc. #640] is **GRANTED**. The Court adopts the Consent Decrees as submitted by the parties.

Dated this 26th day of April, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com