## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MALLINCKRODT INC.; SHELL OIL COMPANY; and SOLUTIA INC.,<br><br>Defendants.<br><hr>MALLINCKRODT INC. and SOLUTIA INC.<br><br>Counterclaim and<br>Third-Party Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>DEFENSE LOGISTICS AGENCY,<br><br>v.<br><br>ANHEUSER-BUSCH, INC., et al.<br><br>Third-Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 4:02CV1488<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT DECREE

## I. BACKGROUND

A.      The United States of America ("United States"), on behalf of the Administrator of

the United States Environmental Protection Agency ("EPA"), has filed a Complaint against

Mallinckrodt Inc. pursuant to Section 107 of the Comprehensive Environmental Response,

Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking

reimbursement of all past response costs incurred in connection with the release or threatened release of hazardous substances at the Great Lakes Container Corporation Site in St. Louis, Missouri ("Site"). Mallinckrodt LLC is the successor-in-interest to Mallinckrodt Inc.

B.      Settling Defendant does not admit any liability to the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), or otherwise.

C.      The United States and Settling Defendant (collectively, "Parties") agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.      This Consent Decree is binding upon the United States and Settling Defendant.

## IV. DEFINITIONS

3.      Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are

CONSENT DECREE – PAGE 2.

used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a.     "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

b.     "Consent Decree" shall mean the body of this Consent Decree.

c.     "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d.     "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e.     "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

f.     "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

g.     "Interest" shall mean interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest shall be the rate in effect at the time that interest accrues.  The rate of interest is subject to change on October 1st of each year.

h.     "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

i.     "Parties" shall mean the United States and Settling Defendant.

CONSENT DECREE – PAGE 3.

j.      "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through the date of lodging of this Consent Decree, including accrued Interest on all such costs through such date.

k.      "Plaintiff" shall mean the United States.

l.      "Response Actions" shall mean all actions performed prior to the lodging of this Consent Decree by EPA, DOJ or their contractors relating to the release of hazardous substances at the Site.

m.      "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

n.      "Settling Defendant" shall mean Defendant Mallinckrodt Inc. and Mallinckrodt LLC, a Delaware corporation and successor in interest to Mallincrodt Inc.

o.      "Site" shall mean the Great Lakes Container Corporation Superfund Site, an eleven-acre site located on 42 Ferry Street in St. Louis, Missouri, which encompasses land and improvements that formerly were the location of a drum reclamation business, as well as certain neighboring property.

p.      "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. REIMBURSEMENT OF RESPONSE COSTS

4.      Payment of Past Response Costs to the EPA Hazardous Substance Superfund. Within 30 days of entry of this Consent Decree, Settling Defendant shall pay to the EPA Hazardous Substance Superfund $3,950,000.00 in reimbursement of Past Response Costs. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department

CONSENT DECREE – PAGE 4.

of Justice account in accordance with current EFT procedures, referencing USAO File Number

2002V00557, EPA Region 7, and Site Spill ID Number 0726, and DOJ Case Number 90-11-3-

07280. Payment shall be made in accordance with written instructions provided to Settling

Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the Eastern District of

Missouri. Any payments received by the Department of Justice after 4:00 p.m. Eastern Time

shall be credited on the next business day. Settling Defendant shall send notice to EPA and DOJ

that payment has been made in accordance with Section XII (Notices and Submissions).

## VI. FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE

5.    Interest on Late Payments. In the event that the payments required by Section V

(Reimbursement of Response Costs) or Section VI, Paragraph 6 (Stipulated Penalty), are not

received when due, Interest shall continue to accrue on the unpaid balance through the date of

payment.

6.    Stipulated Penalty.

a.    If any amounts due to EPA under this Consent Decree are not paid by the

required date, Settling Defendant shall pay to EPA as a stipulated penalty, in addition to the

Interest required by Paragraph 5, $7,500 per day that such payment is late.

b.    If Settling Defendant does not comply with Section X (Access to

Information), Settling Defendant shall pay to EPA, as a stipulated penalty, $1,000 per violation

per day of such noncompliance.

c.    Stipulated penalties are due and payable within 30 days of the date of the

demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall

be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund"

and shall be sent to:

Hazardous Substances Superfund
United States Environmental Protection Agency
Attention:  Region VII, Superfund Accounting
Post Office Box # 360748M
Pittsburgh, PA 15251

All payments shall indicate that the payment is for stipulated penalties and shall reference the name and address of the party making the payment, the Great Lakes Container Corporation Superfund Site name, EPA Region VII, the Site Spill ID Number 0726, the Court Docket Number for the case, and DOJ Case Number 90-11-3-07280.  Copies of any checks paid pursuant to this Paragraph, and any accompanying transmittal letters, shall be sent to EPA and DOJ as provided in Section XII (Notices and Submissions).

      d.     Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand.  All penalties shall begin to accrue on the day after complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of correction of the noncompliance or completion of the activity.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

      7.     If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

      8.     Payments made under Paragraphs 5-7 shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

9.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.

## VII. COVENANT NOT TO SUE BY THE UNITED STATES

10.     Covenant Not to Sue by United States. Except as specifically provided in Paragraphs 11-12, the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and 107(a) of CERCLA and Section 7003 of RCRA relating to the Site. This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. These covenants not to sue extend only to the Settling Defendant and do not extend to any other person.

11.     Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendant to perform further Response Actions relating to the Site, or to reimburse the United States for additional costs of response if (1) conditions at the Site, previously unknown to EPA, are discovered, or (2) information, previously unknown to EPA, is received, in whole or in part, and EPA determines that these previously unknown conditions or this information together with other relevant information indicate that the Response Actions are not protective of human health or the environment. For purposes of this paragraph, the information and the conditions known to EPA shall include that information and those conditions known to EPA as of the date of the lodging of this Consent Decree.

12.     Reservation of Rights by United States. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all

CONSENT DECREE – PAGE 7.

matters not expressly included within the Covenant Not to Sue in Paragraph 10.

Notwithstanding any other provision of this Consent Decree, the United States reserves and this Consent Decree is without prejudice to, all rights against the Settling Defendant with respect to:

a.      liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b.      liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

c.      criminal liability;

d.      liability for releases of hazardous substances at or from the Site occurring after the lodging of this Consent Decree; and

e.      liability for any other violation of law after the date the Consent Decree is lodged.

## VIII. COVENANT NOT TO SUE BY SETTLING DEFENDANT

13.      Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to releases of hazardous substances at or from the Site occurring prior to the lodging of this Consent Decree, including but not limited to:

a.      any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.      any claim arising out of Response Actions at the Site; and

CONSENT DECREE -- PAGE 8.

c.        any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to releases of hazardous substances at or from the Site occurring prior to the lodging of this Consent Decree.

14.        Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. §300.700(d).

## IX. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

15.        Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as set forth in Paragraph 18 below, each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

16.        The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the effective date of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are costs incurred by EPA and DOJ in connection with Response Actions at the Site.

17.        Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim unless such notice has been provided to the United States by another party. Settling Defendant also agrees that, with respect

CONSENT DECREE – PAGE 9.

to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

18.    Settling Defendant agrees not to oppose court entry of, or appeal any court decision entering, any other Consent Decree to which the United Sates is a party related to the Site. Settling Defendant preserves its right as a member of the public to submit comments to the United States on any such consent decrees.

19.    In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, to the extent that such proceeding is not barred by Paragraph 10 of this Consent Decree, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by the United States set forth in Section VII.

## X. ACCESS TO INFORMATION

20.    Settling Defendant shall provide to EPA, upon request, copies of all documents and information within its possession or control or that of its contractors or agents relating to activities at the Site, including, but not limited to memoranda, reports, correspondence, or other

documents or information related to the Site. Settling Defendant may assert any defenses to production that are available under applicable law.

    21.    Confidential Business Information and Privileged Documents

    a.    Settling Defendant may assert business confidentiality claims covering part or all of the documents or information submitted to the United States under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7). and 40 C.F.R. 2.203(b). Documents or information determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies documents or information when they are submitted to EPA, or if EPA has notified Settling Defendant that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA, the public may be given access to such documents or information without further notice to Settling Defendant.

    b.    Settling Defendant may assert that certain documents, records or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege in lieu of providing documents, it shall provide the United States with the following: 1) the title of the document, record, or information; 2) the date of the document, record, or information; 3) the name and title of the author of the document, record, or information; 4) the name and title of each addressee and recipient; 5) a description of the subject of the document, record, or information; and 6) the privilege asserted. However, no documents, reports or other information created or generated pursuant to the requirements of this or any other consent decree with the United States shall be withheld on the grounds that they are privileged. If a claim of privilege applies only to a portion of a document, the document shall be provided to the United States in redacted form to mask the

CONSENT DECREE – PAGE 11.

privileged information only. Settling Defendant shall retain all records and documents that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in Settling Defendant's favor.

      c.     No claim of confidentiality shall be made with respect to any data, including but not limited to sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

## XI. RETENTION OF RECORDS

22.     Until five (5) years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all records and documents now in its possession or control, or which come into its possession or control, that relate in any manner to Response Actions at the Site or the liability of any person for Response Actions conducted or to be conducted at the Site, regardless of any retention policy to the contrary except for documents that were produced to Settling Defendant by other parties in this litigation.

23.     After the conclusion of the document retention period in the preceding paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such records or documents, and, upon request by EPA or DOJ, Settling Defendant shall deliver any such records or documents to EPA. Settling Defendant may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, it shall provide the United States with the following: 1) the title of the document, record, or information; 2) the date of the document, record, or information; 3) the name and title of the author of the document, record, or information; 4) the name and title of each addressee and

recipient; 5) a description of the subject of the document, record, or information; and 6) the privilege asserted. However, no documents, reports, or other information created or generated pursuant to the requirements of this or any other consent decree with the United States shall be withheld on the grounds that they are privileged. If a claim of privilege applies only to a portion of a document, the document shall be provided to the United States in redacted form to mask the privileged information only. Settling Defendant shall retain all records and documents that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in Settling Defendant's favor.

24.    By signing this Consent Decree, Settling Defendant certifies that, to the best of its knowledge and belief, it has:

a.    conducted a thorough, comprehensive, good faith search for all documents that have been requested, and has fully and accurately disclosed to EPA all requested information currently in its possession, or in the possession of its officers, directors, employees, contractors, or agents, which relates in any way to the ownership, operation or control of the Site, or to the ownership, possession, generation, treatment, transportation, storage or disposal of a hazardous substance, pollutant or contaminant at or in connection with the Site;

b.    not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information relating to its potential liability regarding the Site, after notification of potential liability or the filing of a suit against Settling Defendant regarding the Site; and

c.    fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) of CERCLA, 42 U.S.C. § 9604(e).

## XII. NOTICES AND SUBMISSIONS

25.    Whenever, under the terms of this Consent Decree, notice is required to be given

or a document is required to be sent by one party to another, it shall be directed to the individuals

at the addresses specified below, unless those individuals or their successors give notice of a

change to the other Parties in writing. Written notice as specified herein shall constitute

complete satisfaction of any written notice requirement of the Consent Decree with respect to the

United States, DOJ, EPA, and Settling Defendant, respectively.

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3-07280)
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611

As to EPA:

Denise Roberts
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region VII
901 North 5th Street
Kansas City, Kansas 66025

Bruce Morrison
Remedial Project Manager
Superfund Division
U.S. Environmental Protection Agency, Region VII
901 North 5th Street
Kansas City, Kansas 66025

As to Settling Defendant:

Patricia Duft, Esq.
Vice President - Legal
Mallinckrodt LLC
675 McDonnell Boulevard
St. Louis, MO 63042

with a copy to:

Joseph G. Nassif, Esq.
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105

And any other persons as Settling Defendant may designate in writing to the undersigned

counsel for the United States.

## XIII. RETENTION OF JURISDICTION

26.    This Court shall retain jurisdiction over this matter for the purpose of interpreting

and enforcing the terms of this Consent Decree.

## XIV. INTEGRATION

27.    This Consent Decree constitutes the final, complete and exclusive agreement and

understanding between the Parties with respect to the settlement embodied in this Consent

Decree. The Parties acknowledge that there are no representations, agreements or

understandings relating to the settlement other than those expressly contained in this Consent

Decree.

## XV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

28.    This Consent Decree shall be lodged with the Court for a period of not less than

thirty (30) days for public notice and comment. The United States reserves the right to withdraw

or withhold its consent if the comments regarding the Consent Decree disclose facts or

considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.

Settling Defendant consents to the entry of this Consent Decree without further notice.

29.     If for any reason the Court should decline to approve this Consent Decree in the

form presented, this agreement is voidable at the sole discretion of either Party and the terms of

the agreement may not be used as evidence in any litigation between the Parties.

## XVI.  MODIFICATION

30.     The parties may agree to non-material modifications to this Consent Decree

without Court approval.

## XVII.  EFFECTIVE DATE

31.     The effective date of this Consent Decree shall be the date upon which it is

entered by the Court.

## XVIII.  SIGNATORIES/SERVICE

32.     Each undersigned representative of Settling Defendant and the United States

Department of Justice certifies that he or she is authorized to enter into the terms and conditions

of this Consent Decree and to execute and bind legally such Party to this document.  None of the

signatories are signing in their individual capacity.

33.     Settling Defendant hereby agrees not to oppose entry of this Consent Decree by

this Court or to challenge any provision of this Consent Decree, unless the United States has

notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

34.     Settling Defendant shall identify on the attached signature page the name and

address of an agent who is authorized to accept service of process by mail on its behalf with

respect to all matters arising under or relating to this Consent Decree.  Settling Defendant hereby

agrees to accept service in that manner and to waive the formal service requirements set forth in

Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court,

including but not limited to, service of a summons.

SO ORDERED THIS $\underline{4}^{th}$ DAY OF $\underline{\quad March\quad}$, 200__

E. Richard Webber
United States District Judge

(when this order was submitted, the
signature line was above on page 18. I
copied the signature line on page 17 & 22,
so my signature would not appear
on a single page. Page 18 & 22 is
accordingly, missing).

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. Mallinckrodt et. al.</u> relating to the Great Lakes Container Corporation Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date: 1/16/08

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Ben Franklin Station, PO Box 7611
Washington, D.C. 20044

ELIZABETH L. LOEB
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611

CATHERINE L. HANAWAY
United States Attorney

THOMAS S. REA
Assistant United States Attorney
Fed Bar No. 116628 (Eastern District of Missouri)
Missouri Bar No. 53245
Eastern District of Missouri
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, 20th Floor
St. Louis, MO 63102

CONSENT DECREE – PAGE 19.

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Mallinckrodt et. al. relating to the Great Lakes Container Corporation Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date: _____

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Ben Franklin Station, PO Box 7611
Washington, D.C. 20044

ELIZABETH L. LOEB
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611

CATHERINE L. HANAWAY
United States Attorney

Date:   January 16, 2008          /s/ Thomas S. Rea
THOMAS S. REA
Assistant United States Attorney
Fed Bar No. 116628 (Eastern District of Missouri)
Missouri Bar No. 53245
Eastern District of Missouri
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, 20th Floor
St. Louis, MO 63102

CONSENT DECREE – PAGE 19.

Date   8/21/07

CECILIA TAPIA
Director
Superfund Division
U.S. Environmental Protection Agency, Region VII
901 North 5th Street
Kansas City, Kansas 66101

DENISE ROBERTS
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region VII
901 North 5th Street
Kansas City, Kansas 66101

FOR SETTLING DEFENDANT

Date: 7/19/07

Mallinckrodt LLC
By: Douglas A. McKinney

Agent Authorized to Accept Service on Behalf of Above-signed Party:

CONSENT DECREE – PAGE 21.