IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:02CV1488 |
| ) | |
| MALLINCKRODT, INC.; SHELL OIL ) | |
| COMPANY; and SOLUTIA, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| MALLINCKRODT, INC. and SOLUTIA, ) | |
| INC., ) | |
| ) | |
| Counterclaim and ) | |
| Third-Party Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| DEFENSE LOGISTICS AGENCY, ) | |
| ) | |
| v. ) | |
| ) | |
| ANHEUSER-BUSCH, INC., et al. ) | |
| ) | |
| Third-Party Defendants. · ) | |

## CONSENT DECREE

## I. BACKGROUND

A. As a result of the release or threatened release of hazardous substances at the Great

Lakes Container Corporation Superfund Site at 42 Ferry Street in St. Louis, Missouri (the

"Site"), the United States Environmental Protection Agency ("EPA") has undertaken response

actions at or in connection with the Site under Section 104 of CERCLA, 42 U.S.C. § 9604.

These response actions included the overpacking and staging of drums, the construction of a fence, the removal and disposal of approximately 61,650 tons of soil contaminated with polychlorinated biphenyls ("PCBs") and lead, and the removal of over 800 buried drums. This work was performed pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604, and the National Contingency Plan ("NCP"), 40 C.F.R. § 300.415. No further response action is planned. In performing these response actions, EPA has incurred response costs at or in connection with the Site.

B. The United States of America ("United States"), on behalf of the Administrator of the EPA, filed a complaint against Shell Oil Company ("Shell") in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607, seeking recovery of costs incurred and to be incurred in responding to the release or threat of release of hazardous substances at or in connection with the Great Lakes Container Corporation Superfund Site at 42 Ferry Street in St. Louis, Missouri ("Site").

C. Shell does not admit any liability to the United States arising out of the transactions or occurrences alleged in the complaint.

D. The United States and Shell agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

E. On August 26, 2006, a partial consent decree between the United States and Shell was lodged with the Court which settles the United States' claims against Shell pursuant to Section

2

107(a) of CERCLA, 42 U.S.C. § 9607(a), for Lead-Related Response Costs the United States has
incurred at the Site. The Court entered a Memorandum and Order ("Order") on May 10, 2007
approving the Lead Consent Decree and in that Order adopted the Lead Consent Decree as submitted by
the parties. The Lead Consent Decree was entered on May 15, 2007. The intent of this Consent Decree,
when combined with the Lead Consent Decree, is to fully conclude all aspects of this case against Shell
and to provide to Shell contribution protection for all other hazardous substances which the Government
alleges Shell may have disposed at the site. Accordingly, with this Consent Decree, Shell Oil Company is
being provided with the protection against "liability to the United States and other PRPs" which the Court
noted remained actionable in footnote one of the May 10, 2007 Order.

THEREFORE, with the consent of the Parties to this Consent Decree, it is ORDERED,
ADJUDGED, and DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.
§§ 1331 and 1345 and 42 U.S.C. § 9613(b), and also has personal jurisdiction over Shell. Shell
consents to and shall not challenge the terms of this Consent Decree or this Court's jurisdiction
to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon Shell and its heirs,
successors and assigns. Any change in ownership or corporate or other legal status of Shell,
including but not limited to, any transfer of assets or real or personal property shall in no way
alter Shell's responsibilities under this Consent Decree.

3

## IV. STATEMENT OF PURPOSE

3. By entering into this Consent Decree and the prior partial consent decree, the mutual objectives of the Parties are:

a. to reach a final settlement among the Parties with respect to the Site pursuant to Section 122 of CERCLA, 42 U.S.C. § 9622, that allows Shell to make a cash payment to resolve all of its alleged civil liability under Section 107 of CERCLA, 42 U.S.C. § 9607, for response costs incurred and to be incurred at or in connection with the Site, thereby reducing litigation relating to the Site;

b. to simplify any remaining administrative and judicial enforcement activities concerning the Site by eliminating a number of potentially responsible parties from further involvement at the Site; and

c. to obtain settlement with Shell for its fair share of response costs incurred and to be incurred at or in connection with the Site by the EPA Hazardous Substance Superfund, and by other persons, and to provide contribution protection for Shell with regard to the Site pursuant to Sections 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2).

## V. DEFINITIONS

4. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in the statute or regulations. Whenever the terms listed below are used in this Consent Decree, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

4

b. "Consent Decree" or "Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities.

e. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

f. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

g. "Lead-Related Response Costs" shall mean those response costs incurred only with respect to the removal of lead contamination at the Site. Since lead contamination was commingled with other contaminants, for purposes of this settlement, EPA has determined and Shell agrees that Lead-Related Response Costs constitute 18% of all response costs associated with the Site.

h. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

5

I. "Parties" shall mean the United States and Shell Oil Company.

j. "Response costs" shall mean all costs of "response" as that term is defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

k. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

l. "Shell" shall mean defendant, Shell Oil Company.

m. "Site" shall mean the Great Lakes Container Corporation Superfund Site, located at 42 Ferry Street, St. Louis, Missouri, and designated by the legal description attached as Appendix A.

n. "United States" shall mean the United States of America, including all of its departments, agencies and instrumentalities, which includes without limitation EPA and any federal natural resources trustee.

## VI. PAYMENT

5. Within 30 days after entry of this Consent Decree, Shell shall pay to the EPA Hazardous Substance Superfund $215,000.00. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number 2002V00557, EPA Site/Spill ID Number 0726, and DOJ Case Number 90-11-3-07280. Payment shall be made in accordance with instructions provided to the Settling Defendants by the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of Missouri following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. (Eastern Time) will be credited on the next business day.

6

6. The payment made pursuant to Paragraph 5 includes an amount for all costs incurred

by the United States at the Site through the lodging of this Consent Decree other than Lead-

Related Response Costs.

7. At the time of payment, Shell shall send notice that such payment has been made in a

letter identifying the Site name, the EPA Region and Site Spill ID Number 0726, and DOJ Case

Number 90-11-3-07280, which shall be sent to:

> Hazardous Substances Superfund
> United States Environmental Protection Agency
> Attention: Region VII, Superfund Accounting
> Post Office Box #360748M
> Pittsburgh, PA 15251

> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> United States Department of Justice
> DJ No. 90-11-3-07280
> P.O. Box 7611
> Washington, D.C. 20044-7611

> Denise L. Roberts
> Senior Assistant Regional Counsel
> United States Environmental Protection Agency
> Region VII
> 901 N. Fifth Street
> Kansas City, KS 66101

## VII. FAILURE TO MAKE PAYMENT

8. If Shell fails to make full payment within the time required by Paragraph 5, Shell shall

pay Interest on the unpaid balance. Interest on the unpaid balance shall accrue from the day after

payment is due (30 days after entry of the Consent Decree) until the date of payment, and shall

be paid simultaneously with payment of the required amount. In addition, if Shell fails to make

full payment as required by Paragraph 5, the United States may, in addition to any other

7

available remedies or sanctions, bring an action against Shell seeking injunctive relief to compel payment and/or seeking civil penalties under Section 122(*l*) of CERCLA, 42 U.S.C. 9622(*l*), for failure to make timely payment.

9. In the event that the payment required by Paragraph 5 is not made within the time required, Interest on the unpaid balance shall be paid at the rate established pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), commencing on the effective date of this Consent Decree and accruing through the date of the payment.

10. In addition to the interest due on unpaid amounts as set forth in Paragraphs 8-9 above, if Shell fails to make full payment within the time required by Paragraph 5, Shell shall pay a stipulated penalty of $2500 for each and every day that the full payment owed is late. Stipulated penalties shall continue to accrue until the original amount owed, interest and all penalties are paid in accordance with this paragraph. All penalties accruing under this Section shall be due and payable to the United States within 30 days of the Settling Defendants' receipt from EPA of a demand for payment of the penalties. All payments to the United States under this Section shall be paid by certified or cashier's check(s) made payable to "EPA Hazardous Substances Superfund," shall be mailed to US EPA Region 7 Lock Box, PO Box 371099M, Pittsburgh, PA 15251, shall indicate that the payment is for stipulated penalties, and shall reference the EPA Region and Site/Spill ID # 0726, the DOJ Case Number 90-11-3-07280, and the name and address of the party making payment. Copies of check(s) paid pursuant to this Section, and any accompanying transmittal letter(s), shall be sent to the United States as provided in Section XVI (Notices).

8

## VIII. CERTIFICATION OF SHELL

11. By signing this Consent Decree, Shell certifies that, to the best of its knowledge and belief, it:

a. has conducted a thorough, comprehensive, good faith search for documents, and has fully and accurately disclosed to EPA all information currently in its possession, or in the possession of its officers, directors, employees, contractors or agents, which relates in any way to the ownership, operation, or control of the Site, or to the ownership, possession, generation, treatment, transportation, storage or disposal of a hazardous substance, pollutant, or contaminant at or in connection with the Site;

b. has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents, or other information relating to its potential liability regarding the Site after notification of potential liability or the filing of a suit against it regarding the Site; and

c. has and will comply fully with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e).

## X. COVENANTS BY UNITED STATES

12. In consideration of the payment that will be made by Shell under the terms of this Consent Decree, and except as specifically provided in Section XI (Reservations of Rights by United States), EPA covenants not to sue or take administrative action against Shell pursuant to Sections 106(a) or 107(a) of CERCLA, 42 U.S.C. §§ 9606(a) or 9607(a), relating to response costs at the Site except for Lead-Related Response Costs This covenant not to sue shall not take effect until receipt of Shell's payment as required by Section VI of this Consent Decree. This

9

covenant is also conditioned upon the veracity of the information provided to EPA by Shell relating to Shell's involvement with the Site. This covenant not to sue extends only to Shell and does not extend to any other person.

## XI. RESERVATIONS OF RIGHTS BY UNITED STATES

13. The United States reserves, and this Consent Decree is without prejudice to, all rights against Shell with respect to all matters not expressly included within the Covenant by United States in Section X. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, all rights against Shell with respect to:

        a. liability for failure to meet a requirement of this Consent Decree;

        b. criminal liability;

        c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

        d. liability based upon the ownership or operation of the Site, or upon the transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Shell; or

        e. Liability for Lead-Related Response Costs (which are the subject of the Consent Decree between the United States of America and Shell Oil Company lodged with the Court August 23, 2006 and approved by the Court on May 10, 2007).

14. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to issue an administrative order or to take judicial action seeking to compel Shell (1) to perform response actions relating

10

to the Site or (2) to reimburse the EPA for additional costs of response if: (I) conditions at the Site, previously unknown to EPA, are discovered, or (ii) information, previously unknown to EPA, is received, in whole or in part, and these previously unknown conditions or information together with any other relevant information indicates that the Response Actions are not protective of human health or the environment. For the purposes of this Paragraph, the information and conditions known to EPA shall include only that information and those conditions known to EPA as of the effective date of this Consent Decree as set forth in the administrative record supporting the Response Action.

## XII. COVENANTS BY SHELL

15. Covenant by Shell. Shell covenants not to sue and agrees not to assert any claims or causes of action against the United States or its contractors or employees for Response Costs at the Site or this Consent Decree, including, but not limited to:

a. any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claims arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Constitution of the State of Missouri, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; and

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

11

Except as provided in Paragraph 19, this covenant not to sue shall not apply in the event the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraphs 13-14 but only to the extent that Shell's claims arise from the same response action, response costs, or damages that the United States is seeking pursuant to the applicable reservation.

16. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

17. Shell agrees not to assert any claims or causes of action (including claims for contribution under CERCLA) for Response Costs at the Site against any other person who is a potentially responsible party under CERCLA at the Site. This waiver shall not apply with respect to any defense, claim, or cause of action that Shell may have against any person if such person asserts or has asserted a claim or cause of action relating to the Site against Shell.

## XIII. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

18. Except as provided in Paragraph 19, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Paragraph 19, the United States and Shell each reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

19. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Shell shall not

12

assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised in the subsequent proceeding were or should have been brought in the instant action; provided, however, that nothing in this Paragraph affects the full force and effect and enforceability of the covenant not to sue included in Paragraph 12.

20. The Parties agree, and by entering this Consent Decree this Court finds, that Shell is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Sections 113(f)(2) of CERCLA, 42 U.S.C. §§ 9613(f)(2), for Response Costs incurred by the United States or any other person at the Site except for Lead-Related Response Costs..

## XIV. RETENTION OF JURISDICTION

21. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV. INTEGRATION/APPENDICES

22. This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. "Appendix A" is the legal description of the Site.

## XVI. NOTICES

23. Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and sent by

13

U.S. certified or registered mail, return receipt requested, or by an overnight delivery service, all

prepaid, addressed as follows:

To the United States:

(via U.S. mail)
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Re: DOJ No. 90-5-2-1-07357

(via overnight delivery service)
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
1425 New York Avenue, N.W.
Washington, D.C. 20005

and

Denise Roberts
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency
Region VII
901 N. 5th Street
Kansas City, KS 66101

To Defendant:

Ms. Cisselon Nichols
Senior Litigation Counsel
Shell Oil Company
P O Box 2463
Houston, TX 77252-2463

24. Notices submitted pursuant to this Section shall be deemed effective upon receipt, unless

otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XVII. PUBLIC COMMENT

25. This Consent Decree shall be lodged with the Court for a period of not less than 30 days

for public notice and comment. The United States shall file with the Court any written comments

received and the United States' response thereto. The United States reserves the right to withdraw

14

or withhold its consent if comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper or inadequate. Shell consents to entry of this Consent Decree without further notice, and the United States reserves the right to oppose an attempt by any person to intervene in this civil action.

## XVIII. EFFECTIVE DATE

26. The effective date of this Consent Decree shall be the date of entry by this Court, following public comment pursuant to Paragraph 25.

## XIX. SIGNATORIES/SERVICE

27. Each undersigned representative of Shell and the United States and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, or his or her delegates, certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such party to this document.

28. Shell hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Shell in writing that it no longer supports entry of the Consent Decree.

29. Shell shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.

SO ORDERED THIS _14th_ DAY OF _____ , 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

15

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Mallinckrodt, Inc., et al., No. 4:02CV1488 ERW, relating to the Great Lakes Container Corporation Superfund Site, St. Louis, Missouri:

FOR THE UNITED STATES OF AMERICA

Date: 6 Jan. 2008

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611

Date: 16 Jan 2008

ELIZABETH L. LOEB
Trial Attorney, Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
(202) 616-8916

16

Date:  January 16, 2008                       /s/ Thomas S. Rea

                                          CATHERINE L. HANAWAY
                                          United States Attorney
                                          THOMAS S. REA
                                          Assistant United States Attorney
                                          Thomas F. Eagleton U.S. Courthouse
                                          111 South 10th Street, 20th Floor
                                          St. Louis, MO  63102

Date: 8/21/07

CECILIA TAPIA
Director
Superfund Division
U.S. Environmental Protection Agency, Region VII
901 North 5th Street
Kansas City, Kansas 66101

Date: 8/23/07

DENISE L. ROBERTS
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region VII
901 North 5th Street
Kansas City, Kansas 66101

18

FOR DEFENDANT, SHELL OIL COMPANY

BY SHELL OIL PRODUCTS COMPANY, LLC.

Its Agent

Date _7-06-07_                By: _D-l A.Sexton_

David A. Sexton, Director
910 Louisiana, Suite 601B
Houston, TX 77002

Date _____         Anthony L. Martin, Esq.
                            Sandberg, Phoenix & von Gontard, P.C.
                            One City Centre, Suite 1500
                            St. Louis, MO 63101

19