IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MALLINCKRODT, INC.; SHELL OIL )<br>COMPANY; and SOLUTIA INC., )<br>)<br>Defendants. )<br>)<br>)<br>MALLINCKRODT, INC. and SOLUTIA )<br>INC., )<br>)<br>Counterclaim and )<br>Third-Party Plaintiffs )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>DEFENSE LOGISTICS AGENCY, )<br>)<br>v. )<br>)<br>ANHEUSER-BUSCH, INC., et al. )<br>)<br>Third-Party Defendants. )<br>) | Civil Action No. 4:02CV1488 |

## CONSENT DECREE

## I. BACKGROUND

A.    The United States of America ("United States"), on behalf of the Administrator of

the United States Environmental Protection Agency ("EPA"), has filed a Complaint against

Solutia Inc. ("Settling Defendant") as an alleged successor in interest to the former Monsanto Company, pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), for reimbursement of all response costs incurred in connection with the release or threatened release of hazardous substances at the Great Lakes Container Corporation Site in St. Louis, Missouri ("the Site").

B.      Settling Defendant does not admit any liability to the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), or otherwise.

C.      On or about December 17, 2003, Settling Defendant filed a petition for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq., as amended (the "Bankruptcy Code") in the Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").

D.      On or about November 30, 2004, the United States, on behalf of the Environmental Protection Agency (the "EPA"), filed Proof of Claim No. 11276 (the "Proof of Claim") against Settling Defendant in the Bankruptcy Court which asserted a claim, pursuant to CERCLA, 42 U.S.C. § 9601 et seq., for, among other things, reimbursement of response costs incurred by EPA at the Site amounting to at least $9,784,900.53 based upon the allegations set forth in the Complaint filed in the above-captioned action.

E.      The United States and Settling Defendant (collectively the "Parties") agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated

CONSENT DECREE – PAGE 2.

litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. **JURISDICTION**

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant subject to Section IX hereof. Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. **PARTIES BOUND**

2.     This Consent Decree is binding upon the United States and Settling Defendant.

## IV. **DEFINITIONS**

3.     Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree, the following definitions shall apply:

a.     "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

b.     "Consent Decree" shall mean the body of this Consent Decree.

CONSENT DECREE – PAGE 3.

c.       "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d.       "Debtor's Plan" or "Plan" shall mean the Fifth Joint Plan of Reorganization confirmed by Order of the United States Bankruptcy Court on November 29, 2007 or any other Plan of Reorganization for Settling Defendant approved by the Bankruptcy Court.

e.       "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

f.       "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

g.       "EPA Claim" shall mean the claim set forth in Paragraph 14 of the Proof of Claim filed by EPA in the Bankruptcy Court seeking reimbursement of at least $9,784,900.53 in response costs incurred by EPA at the Site but not including other claims set forth in the United States' Proof of Claim for sites other than the Great Lakes Container Corporation Site.

h.       "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

i.       "Interest" shall mean interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time that interest accrues. The rate of interest is subject to change on October 1st of each year.

CONSENT DECREE – PAGE 4.

j.    "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

k.    "Parties" shall mean the United States and Settling Defendant.

l.    "Plaintiff" shall mean the United States.

m.    "Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid or will pay at or in connection with the Site, including accrued Interest.

n.    "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

o.    "Settling Defendant" shall mean Solutia Inc.

p.    "Site" shall mean the Great Lakes Container Corporation Superfund Site, an eleven-acre site located on 42 Ferry Street in St. Louis, Missouri, which encompasses land and improvements that formerly were the location of a drum reclamation business, as well as certain neighboring property.

q.    "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. **REIMBURSEMENT OF RESPONSE COSTS**

4.    Payment of Past Response Costs to the EPA Hazardous Substance Superfund.
The EPA Claim for the Site shall be allowed as a General Unsecured Claim as such term is defined in the Debtor's Plan in the amount of $3,600,000.00 (THREE MILLION SIX HUNDRED THOUSAND DOLLARS) and treated the same as other claims in its class pursuant

to the terms of the Debtor's Plan without discrimination. Distributions received by EPA will be deposited into the EPA Hazardous Substance Superfund.

    i.    Cash distributions on account of the EPA Claim, if any, shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number 2002V00557, EPA Region 7, and Site Spill ID Number 0726, and DOJ Case Number 90-11-3-07280. Distributions pursuant to the Debtor's Plan shall be made in accordance with written instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the Eastern District of Missouri. Settling Defendant shall send notice to EPA and DOJ that payment has been made in accordance with Section X (Notices and Submissions).

    ii.    Non cash distributions on account of the EPA Claim, if any, shall be made to:

        U.S. EPA Superfund
        P.O. Box 371003M
        Pittsburgh, PA 15251

Referencing Site Spill ID No. 0726. Settling Defendant shall send notice to EPA and DOJ that any such contribution has been made accordance with Section X (Notices and Submissions).

    iii.    Only the amount of cash received by EPA (or net cash received by EPA on account of any non-cash distributions) from the Settling Defendant under this Consent Decree for EPA's allowed Unsecured Claim, and not the total amount of the allowed claim, shall be credited by EPA to its account for the Site, which credit shall reduce the liability of non-settling potentially responsible parties to EPA for the Site by the amount of the credit.

## VI. **COVENANT NOT TO SUE BY THE UNITED STATES**

5.      Covenant Not to Sue by United States. In consideration of the payments or
distributions that will be made by the Settling Defendant under the terms of this Consent Decree,
and except as provided in paragraph 6, the United States covenants not to bring a civil action or
take administrative action against the Settling Defendant relating to the Site pursuant to Sections
106 and 107 of CERCLA and Section 7003 of RCRA. This covenant not to sue is conditioned
upon the complete and satisfactory performance by the Settling Defendant of its obligations
under this Consent Decree. This covenant not to sue extends only to the Settling Defendant and
does not extend to any other person

6.      The covenant not to sue set forth in the previous paragraph does not pertain to any
matters other than those expressly specified in the previous paragraph. The United States
reserves, and this Consent Decree is without prejudice to, all rights against the Settling
Defendant with respect to all other matters, and specifically with respect to: liability under
CERCLA for any site other than the Site; liability for damages for injury to, destruction of, or
loss of natural resources; liability for response costs that have been or may be incurred by federal
agencies which are trustees for natural resources; claims based on a failure by the Settling
Defendant to meet a requirement of this Consent Decree; and criminal liability.

7.      Settling Defendant reserves, and this Consent Decree is without prejudice to, any
and all defenses Settling Defendant may have to the foregoing matters, including without
limitation, defenses under the Bankruptcy Code.

## VII. COVENANT NOT TO SUE BY SETTLING DEFENDANT

8.     Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Response Costs or this Consent Decree, including but not limited to:

a.     any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.     any claim arising out of response actions at the Site for which the Response Costs were incurred; and

c.     any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Response Costs.

9.     Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. §300.700(d).

## VIII. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

10.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

CONSENT DECREE – PAGE 8.

11.     The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for Response Costs.

12.     Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim unless such notice has been provided to the United States by another party. Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

## IX.   **BANKRUPTCY COURT APPROVAL**

13.     Settling Defendant's entry into this Consent Decree is subject to Bankruptcy Court approval of a stipulation resolving the EPA Claim (the "Stipulation") which will be filed with the Bankruptcy Court contemporaneously herewith. Settling Defendant agrees to exercise its best efforts to obtain the prompt approval of the Stipulation by the Bankruptcy Court.

14.     If the Stipulation is not authorized and approved by the Bankruptcy Court or the EPA Claim is not otherwise allowed by the Bankruptcy Court, or this Consent Decree is not approved by this Court, in accordance with the terms set forth herein, this Consent Decree shall

be of no force and effect, whereupon nothing herein shall be deemed an admission of any fact or

waiver of any right of either party with respect to the matters contained herein.

## X. **NOTICES AND SUBMISSIONS**

15.    Whenever, under the terms of this Consent Decree, notice is required to be given

or a document is required to be sent by one party to another, it shall be directed to the individuals

at the addresses specified below, unless those individuals or their successors give notice of a

change to the other Parties in writing. Written notice as specified herein shall constitute

complete satisfaction of any written notice requirement of the Consent Decree with respect to the

United States, DOJ, EPA, and Settling Defendant, respectively.

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3-07280)
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611

As to EPA:

Denise Roberts
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region VII
901 North 5th Street
Kansas City, Kansas 66025

Bruce Morrison
Remedial Project Manager
Superfund Division
U.S. Environmental Protection Agency, Region VII
901 North 5th Street
Kansas City, Kansas 66025

As to Settling Defendant:

General Counsel
Solutia Inc.
575 Maryville Centre Dr.
St. Louis, MO 63141

and any other persons as Settling Defendant may designate in writing to the undersigned counsel
for the United States.

## XI. **RETENTION OF JURISDICTION**

16.    This Court shall retain jurisdiction over this matter for the purpose of interpreting
and enforcing the terms of this Consent Decree.

## XII. **INTEGRATION**

17.    This Consent Decree constitutes the final, complete and exclusive agreement and
understanding between the Parties with respect to the settlement embodied in this Consent
Decree. The Parties acknowledge that there are no representations, agreements or understandings
relating to the settlement other than those expressly contained in this Consent Decree.

## XIII. **LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

18.    This Consent Decree shall be lodged with the Court for a period of not less than
thirty (30) days for public notice and comment. The United States reserves the right to withdraw
or withhold its consent if the comments regarding the Consent Decree disclose facts or
considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.
Settling Defendant consents to the entry of this Consent Decree without further notice.

19.    If for any reason the Court should decline to approve this Consent Decree in the
form presented, this agreement is voidable at the sole discretion of either Party and the terms of
the agreement may not be used as evidence in any litigation between the Parties.

CONSENT DECREE – PAGE 11.

## XIV.  **MODIFICATION**

20.    The parties may agree to non-material modifications to this Consent Decree without Court approval.

## XV.  **SIGNATORIES/SERVICE**

21.    Each undersigned representative of Settling Defendant and the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document. None of the signatories are signing in their individual capacity.

22.    Settling Defendant hereby agrees not to oppose approval of this Consent Decree by this Court or the Bankruptcy Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

23.    Settling Defendant shall identify on the attached signature page the name and address of an agent who is authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

SO ORDERED THIS 14th DAY OF $\it{Maul}$ , 20___

United States District Judge

CONSENT DECREE – PAGE 12.

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Mallinckrodt et. al. relating to the Great Lakes Container Corporation Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date: 1/28/08

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Ben Franklin Station, PO Box 7611
Washington, D.C. 20044

ELIZABETH L. LOEB
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611

CONSENT DECREE – PAGE 13.



THOMAS S. REA
Assistant United States Attorney
Fed Bar No. 116628 (Eastern District of Missouri)
Missouri Bar No. 53245
Eastern District of Missouri
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, 20th Floor
St. Louis, MO 63102

CONSENT DECREE – PAGE 14.

Date __11/26/57__

CECILIA TAPIA
Division Director
Superfund
U.S. Environmental Protection Agency, Region VII
901 North 5th Street
Kansas City, Kansas 66025

DENISE ROBERTS
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region VII
901 North 5th Street
Kansas City, Kansas 66025

CONSENT DECREE- PAGE 15.

FOR SETTLING DEFENDANT

Date: 1-24-2008

Rosemary L. Klein
Senior Vice President, General Counsel and
Secretary
Solutia Inc.
575 Maryville Centre Dr.
St. Louis, MO 63141

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Rosemary L. Klein
Senior Vice President, General Counsel and Secretary
Solutia Inc.
575 Maryville Centre Dr.
St. Louis, MO 63141

CONSENT DECREE – PAGE 16.